**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

**IN RE:**

JASON RUIZ

Case No. 24-06824
Chapter 13

DEBTOR,

Judge Donald R. Cassling

**AGREED REPAYMENT ORDER WITH PROVISION FOR**
**STAY RELIEF UPON DEFAULT**

**THIS CASE** is before the Court on the motion of CITIZENS BANK NA F/K/A RBS CITIZENS NA (hereinafter, "Creditor"), to modify the automatic stay as to the property located at 3222 N Oketo Ave, Chicago, IL 60634:

**IT IS HEREBY ORDERED:**

1. The parties have agreed to repay the following post-petition default pursuant to the terms of this order:

a. Mortgage Payment(s)   (12/01/24 - 02/01/25)   3   payments @   $2,084.63   =   $6,253.89
b. Bankruptcy Fees/Costs   Attorney fees $1,050.00, Court costs $199.00   $1,249.00
c. Less amount in suspense   (-$1,667.37)
   Total Amount to be Repaid through this order   $5,835.52

2. That Creditor must receive the following payments by the corresponding dates:

   a. $972.59   plus the   March, 2025 post-petition mortgage payment on or before the last day of that month;

   b. $972.59   plus the   April, 2025 post-petition mortgage payment on or before the last day of that month;

   c. $972.59   plus the   May, 2025 post-petition mortgage payment on or before the last day of that month;

   d. $972.59   plus the   June, 2025 post-petition mortgage payment on or before the last day of that month;

   e. $972.58   plus the   July, 2025 post-petition mortgage payment on or before the last day of that month;

    f. <u>$972.58</u>  plus the August, 2025 post-petition mortgage payment on or before the last day of that month;

  3. Creditor must receive the payments listed in Paragraph 2 on or before the corresponding dates. If Creditor fails to receive any one of the payments listed in Paragraph 2, then the repayment schedule in Paragraph 2 is void and all of the past due payments listed in that paragraph will be due. The Creditor will then file with the court and serve on the Debtor and his attorney a Notice of Default with Certificate of Service stating that the Debtor has fourteen (14) calendar days to cure the post-petition default in full. In the event the Debtor fails to cure the post-petition default in full within that time period, the Creditor will then file with the court and serve on the Debtor and his attorney a Notice of Stay Termination with Certificate of Service stating that the stay is terminated as to the Creditor, its principals, agents, successors and/or assigns, as to the property securing its interest;

  4. Upon completion of the repayment schedule of Paragraph 2 or tender of funds to bring the loan post-petition current under Paragraph 3, the Debtor must continue to make timely post-petition mortgage payments directly to Creditor continuing monthly thereafter for the pendency of the bankruptcy;

  5. A payment is considered timely, if the full payment is received in the office of the Creditor on or before the 15th day of the month in which it is due;

  6. If Creditor fails to receive two timely post-petition monthly mortgage payments, the Creditor will then file with the court and serve on the Debtor and his attorney a Notice of Default with Certificate of Service stating that the Debtor has fourteen (14) calendar days to cure the post-petition default in full. In the event the Debtor fails to cure the post-petition default in full within that time period, the Creditor will then file with the court and serve on the Debtor and his attorney a Notice of Stay Termination with Certificate of Service stating that the stay is terminated as to the Creditor, its principals, agents, successors and/or assigns, as to the property securing its interests;

  7. In the event that Creditor should have to send out any Notices of Default, Creditor

may include up to $100 per notice, as additional attorney fees, that the Debtor must pay in addition to whatever funds are needed to cure the default and that amount must be tendered prior to the expiration of the cure period set forth in the Notice;

8. Upon dismissal, discharge, chapter conversion, or relief from stay, the foregoing terms and conditions shall cease to be binding and payments will be due pursuant to the terms of the original loan agreement, the automatic stay is terminated, and Creditor may proceed to enforce its remedies under applicable non-bankruptcy law against the property securing its interest and/or against Debtor.

AGREED: /s/ Michelle Mandroiu  /s/ Michael Kelleher
              Attorney for Debtor      Attorney for Creditor

ENTER:

DATED: March 13, 2025

/s/ Donald R. Cassling
UNITED STATES BANKRUPTCY JUDGE

Terri M. Long ARDC#6196966
Peter C. Bastianen ARDC#6244346
Joel P. Fonferko ARDC#6276490
Berton J. Maley ARDC#6209399
Michael P. Kelleher ARDC#6198788
Kerrie S. Mattson-Neal ARDC#6270224
Codilis & Associates, P.C.
15W030 North Frontage Road, Suite 100
Burr Ridge, IL 60527
(630) 794-5300
File No. 14-24-03087